Gladstein, Reif & Meginniss LLP
Katherine H. Hansen
William S. Massey
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
khansen@grmny.com
wmassey@grmny.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
_____

1199SEIU UNITED HEALTHCARE WORKERS EAST,

                Plaintiff,

    against                                                          -CV-

GENESIS HEALTHCARE, INC., and WILLOW
CREEK REHABILITATION AND CARE CENTER,

                Defendants.
_____

COMPLAINT FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION

## Introduction

1. Plaintiff 1199SEIU United Healthcare Workers East ("Plaintiff" or "the Union") brings this action pursuant to section 301 of the Labor Management Relations Act, 1947, as amended, 29 U.S.C. § 185, to compel defendants to proceed to arbitration pursuant to a collective bargaining agreement and to maintain the status quo ante pending arbitration.

## Jurisdiction and Venue

2. The Court has jurisdiction of this action under 29 U.S.C. § 185(a). Venue is appropriate under 29 U.S.C. § 185(c).

## Parties

3. Defendant Genesis Healthcare, Inc. ("Genesis"), is a for-profit corporation with an office and principal place of business located at 101 East State Street, Kennett Square, Pennsylvania. It owns and controls subsidiary corporations that operate nursing homes in New Jersey and many other states. Genesis is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2).

4. Defendant Willow Creek Rehabilitation and Care Center ("Willow Creek") is a for-profit corporation that operates a nursing home located at 1165 Easton Avenue, Somerset, New Jersey. It is owned and controlled by Genesis. Genesis and Willow Creek are hereinafter referred to collectively as "Defendants" or "the Employer." Willow Creek is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2).

5. Plaintiff Union is a labor organization within the meaning of 29 U.S.C. §152(5) and the collective bargaining representative of the service and maintenance employees at Willow Creek, including licensed practical nurses, certified nurses' aides, dietary employees, laundry employees and housekeeping employees.

## Facts

6. The Employer and the Union are parties to a collective bargaining agreement that establishes wages, hours and other terms and conditions of employment, including health insurance and paid sick leave, for the employees represented by the Union. The current agreement is effective through December 31, 2020.

7. The collective bargaining agreement provides:

> This Agreement shall be binding upon the parties hereto, their successors and assigns. If the Employer shall sell, transfer, or otherwise dispose of its business, the contract or other legal document by which such change is

implemented shall provide that the successor or new entity is to assume all of the terms and conditions of this Agreement.

8. The collective bargaining agreement further provides:

All complaints, disputes, controversies, differences or grievances by and between the Union and [the Employer] involving the interpretation, application or performance of this Agreement, shall be settled, determined, adjusted and processed in accordance with the procedure set forth in this Article.

9. The procedure for resolving disputes between the parties provided for in the collective bargaining agreement and referred to in the preceding paragraph consists of grievance meetings between the parties and arbitration of unresolved disputes before a member of a rotating panel of three named arbitrators.

10. On March 19, 2020, the Employer informed the Union that it was selling the nursing home and that the buyer would not be assuming the terms and conditions of the collective bargaining agreement.

11. The Employer stated that it anticipate[d] that the closing [would] occur by the end of the month."

12. On information and belief, the decision to sell the nursing home was made by Genesis.

13. The Union immediately pointed out that the sale violated the terms of the collective bargaining agreement and protested the violation to the Employer.

14. On March 20, 2020, the Union filed a grievance under the collective bargaining agreement and requested that the grievance be heard at the earliest possible date at the last and highest step of the contractual grievance procedure. The Union also requested that the Employer provide certain relevant information and requested that the Employer delay the sale.

15. On March 22, 2020, the Employer responded and stated that it did not consider the corporation that would be taking over the nursing home as a result of the sale to be a "successor" and, therefore, it was not required to assume the terms and conditions of the collective bargaining agreement.  The Employer stated that as part of the sale and transfer process it would terminate all of the current employees. The Employer also stated that it would "attempt to deliver" the requested information as soon as possible and that it was "willing to schedule a third step grievance hearing for a time next week that makes sense." The Employer refused to delay the sale.

16. The Union replied the same day and explained that "any entity that takes over the nursing home as a result of a transfer of ownership and control is a successor within the meaning of the collective bargaining agreement and must be required to assume its terms and conditions."  The Union further explained that if the parties "are unable to resolve this disagreement in the grievance procedure, it will have to be heard and decided by an arbitrator."  The Union further reiterated its request that the sale be delayed "until after the parties have had an opportunity to resolve the grievance pursuant to the grievance procedure, and if it remained unresolved, until after it has been heard and decided by an arbitrator." The Union pointed out that it had sought to expedite the grievance procedure by skipping to the third and final step, and stated that "if arbitration is necessary, we will seek it on an expedited basis."

17. On March 24, 2020, the Employer notified the Union that the sale of Willow Creek was off.  The Union immediately withdrew its grievance as moot.

18. On March 27, 2020, contrary to its prior representations, the Employer notified the Union that the sale of the nursing home was back on and would likely be completed the next week.

19. The Union immediately refiled its grievance, renewed its request for information, and again asked to schedule the third step grievance meeting on an expedited basis. The Union again requested that the contemplated sale or transfer be postponed "until after the parties have had an opportunity to resolve the grievance in the grievance procedure, and if it remains unresolved, until after it has been heard and decided by an arbitrator," and again explained that the Union was willing to expedite this process.

20. To date, the Employer has not agreed to postpone the sale pending grievance and arbitration, nor has it provided the requested information or identified a date for the grievance meeting.

## AS AND FOR A FIRST CAUSE OF ACTION

21. The Court has authority under 29 U.S.C. § 185 to enjoin Defendants from altering the status quo pending arbitration.

22. The proposed sale of Willow Creek without requiring the buyer to assume the terms and conditions of the collective bargaining agreement constitutes a violation of the collective bargaining agreement.

23. The collective bargaining agreement requires all unresolved disputes concerning the interpretation or application of the collective bargaining agreement to be heard and resolved by an arbitrator upon the request of a party.

24. Unless Defendants agree not to sell Willow Creek without requiring the buyer to assume the terms and conditions of the collective bargaining agreement, the Union will demand arbitration of the dispute.

25. If Defendants are not restrained from selling or transferring Willow Creek, taking any irreversible step toward sale or transfer, and terminating the employees, any

award by the arbitrator will be rendered meaningless and the arbitration process will be frustrated.

WHEREFORE, it is respectfully requested that the Court grant an order

(i)  requiring Defendants to maintain the status quo until the issuance and effectuation of the arbitrator's final award concerning the sale;

(ii)  restraining Defendants from selling or transferring Willow Creek, taking any irreversible step toward sale or transfer, or terminating the employees of Willow Creek before the issuance and effectuation of the arbitrator's final award concerning the sale;

(iii)   awarding the Union its costs and expenses, including reasonable attorneys fees, incurred in connection with this matter; and

(iv)   such other and further relief as the Court deems just and proper.

Dated: March 27, 2020

> GLADSTEIN, REIF & MEGINNISS LLP
>
> By:     / Katherine H. Hansen
>
> Katherine H. Hansen
> William S. Massey
> 39 Broadway, Suite 2430
> New York, New York 10006
> (212) 228-7727
> khansen@grmny.com
> wmassey@grmny.com
>
> Attorneys for Plaintiff